In the Matter of ROBERT ROYAL NEUBAUER, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, December 23, 1980

### APPEARANCES OF COUNSEL

*David E. Brennan* for petitioner.
*James Barrow* for respondent.

### OPINION OF THE COURT

*Per Curiam.*

Respondent was admitted to the practice of law in the Second Judicial Department in December, 1950.

The petition charges respondent with violating canons 1, 6, and 9 of the Code of Professional Responsibility and section 155.35 of the Penal Law of New York. The petition alleges that in May, 1974 a divorced couple retained respondent to prepare a settlement agreement relating to certain real property jointly owned by them located in South Euclid, Ohio. Upon sale of the property and on or about November 13, 1974 respondent deposited the net proceeds of $14,006.61 in his trust account. Between the date of deposit and September 30, 1975, he drew numerous checks on the account, none of which were payable to the benefit of those individuals anticipating payment from

respondent. On September 30, 1975, the account was overdrawn in the amount of $236.22. Thereafter, respondent issued checks to two of the individuals entitled to payment. Payment of one of the checks was refused by the bank due to insufficient funds; however, shortly thereafter the check was honored. The balance of the proceeds amounting to $7,278.30 has not been paid.

The charges were referred to a Referee, and respondent, by stipulation at the outset of the hearing, admitted all of the material allegations of the petition and offered proof in mitigation.

We find that respondent violated canons 1, 6 and 9 of the Code of Professional Responsibility.

It appears that respondent, particularly during the period November 13, 1974 and September 30, 1975, by reason of marital difficulties, became heavily involved in the abuse of alcohol and prescription drugs for which he has sought rehabilitative treatment. Prior to the institution of charges against respondent, he made numerous, albeit unsuccessful, attempts to make restitution. Respondent should be suspended from the practice of law for a period of two years and until the further order of this court.

CARDAMONE, J. P., SIMONS, HANCOCK, JR., SCHNEPP and WITMER, JJ., concur.

Order of suspension entered.